UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

LAINIE KLAYMAN, etc.,

                Plaintiff,

-against-                                        20-mc-0159 (LAK)
                                                [EDNY No. 18-cv-4019 (JMA-ARL)]

SHERMAN SPECIALTY INC., et ano.,

                Defendants.
------------------------------------------------x

## ORDER TO PARTIES AND MORGAN
## STANLEY SMITH BARNEY, LLC

LEWIS A. KAPLAN, *District Judge*.

        This case is pending in the Eastern District of New York. It is before this Court on a motion by defendants to quash subpoenas issued out of the Eastern District to non-party Morgan Stanley Smith Barney, LLC ("Morgan") and BTIG LLC ("BTIG"). Morgan and BTIG have taken no position with respect to the motion – the battle is between the parties to the underlying litigation in the Eastern District.

        The Eastern District case reflects a bitter family dispute. It has been going on for nearly two years, and there has been significant motion practice. Most recently, Magistrate Judge Arlene R. Lindsay denied a motion for a protective order with respect to the same subpoenas issued here without prejudice on the ground that the motion in substance sought to quash the subpoenas and such a motion must be brought in the district in which compliance is required, here this district. The denial was without prejudice to refiling in a proper venue. Hence, this motion.

        It goes without saying that the it would make far more sense for the judges who have been handling this litigation for almost two years to rule on the substantive issues presented by the motion to quash notwithstanding Magistrate Judge Lindsay's correct view that the protective order motion was not properly brought in the Eastern District. But Rule 45 has another provision that has been brought into play for the first time by the filing of the present motion in this district.

        Rule 45(f) provides in relevant part that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Accordingly, this Court may transfer the present motion to the Eastern District either if Morgan and

BTIG consent[1] or if it finds "exceptional circumstances."

The Court therefore directs as follows:

1. As Morgan and BTIG have not appeared here, plaintiff's counsel shall serve them with copies of this order on or before April 26, 2020, and shall file proof of due service promptly thereafter.

2. The failure of either Morgan or BTIG to file with this Court, on or before May 10, 2020, a document stating either that it objects to transfer of this motion to the Eastern District of New York shall be deemed consent to such transfer by that non-party, and the Court will transfer the motion as to that party.

3. In the event either Morgan or BTIG objects to transfer, the parties shall file, on or before May 24, 2020, memoranda, neither to exceed 10 double spaced pages, addressing the question whether exceptional circumstances exist that warrant transfer of this motion as to the objecting non-party to the Eastern District.

SO ORDERED.

Dated:      April 15, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[1] If only one consents, it may transfer the motion as to the consenting non-party.